IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIM. ACT. NO. 1:21-cr-020-TFM-M |
| | ) | |
| ANTONIO PATTON | ) | |

## ORDER

Pending before the Court is the *pro se Motion for Correction of Sentence* (Doc. 39), the *Supplement to the Motion for Correction of Sentence* (Docs. 42, 43,) and the *United States' Response to Patton's Motion for Correction of Sentence* (Doc. 44). The *pro se Motion for Correction of Sentence* (Doc. 39) is **DENIED** for the reasons stated in the *United States' Response to Patton's Motion for Correction of Sentence* (Doc. 44).

Ultimately, the Attorney General through the BOP and not the district courts, is authorized, under 18 U.S.C. 3585(b) to compute sentence credit awards after sentencing. *Dawson v. Scott*, 50 F. 3d 884, 889 (11th Cir. 1995). Moreover, "[a] district court may not modify a term of imprisonment once it has been imposed, except in some cases where modification has been permitted by statutes or Fed. R. Crim. P. 35." *United States v. Jackson*, 613 F. 3d 1305, 1308 (11th Cir. 2010). Defendant Patton identifies no such rule or statute that might permit modification here. Accordingly, this Court has no authority to grant the relief sough by defendant Patton. Even if the Court had such authority, it would not grant the relief sought by defendant Patton as the Court finds the sentence appropriate and no persuasive evidence is before the Court to grant the request by defendant Patton.

**DONE** and **ORDERED** this 30th day of March 2022.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE